**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Antonette M. Cabana, as next friend for Nathaniel Norris, | ) ) ) | |
| Petitioner, | ) ) | Case No. 3:26-cv-99 |
| vs. | ) **)** ) | **REPORT AND RECOMMENDATION** |
| Jail Administrator and Cass County Correctional Center, | ) ) ) | |
| Respondent. | ) | |

Antonette M. Cabana submitted a motion for leave to proceed in forma pauperis and a petition for habeas relief as next friend for Nathaniel Norris—the real party. (Doc. 1). Nathaniel Norris, identified in the state court docket as Nathaniel Jaffe-Norris, is charged with aggravated assault with a dangerous weapon or other weapon. (Doc. 6-2; Doc. 6-3). Jaffe-Norris is represented by counsel in the state court proceedings and is undergoing an evaluation at the North Dakota State Hospital to determine his fitness to proceed. (Doc. 6-3).

According to an incident report filed in the state court docket, Jaffe-Norris, a friend of Cabana's, has schizophrenia. On March 24, 2026, he is alleged to have "chucked a sharp blunt object (buffalo horn) dog bone at [Cabana,] striking her in the head and causing a laceration above her right eye." North Dakota v. Jaffe-Norris, No. 09-2026-CR-01072, Index #5 (Cass Cnty. Mar. 25, 2026). On March 25, 2026, the state court ordered Jaffe-Norris not to have any contact with Cabana "directly or indirectly, whether in person or through a third party, by telephone, mail, electronic

messaging or social media or by any other means, or [to] come within 300 yards of" Cabana. Id. at Index #9.

Through this habeas action, Cabana seeks an order releasing Jaffe-Norris into her "private medical custody" and vacating the state court order prohibiting Jaffe-Norris from contacting her. (Doc. 3-4). Cabana describes herself as a long-time friend of Jaffe-Norris, his "ADA proxy," and his "special ambassador." (Doc. 3-4 to -5) (emphasis omitted).

To have standing to bring a habeas action on behalf of someone else, the person seeking to bring the action must show at least two things: (1) the real party cannot appear on their own behalf because of "inaccessibility, mental incompetence, or other disability" and (2) the person seeking to act on behalf of the real party must be "truly dedicated to the best interests of" the real party. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [their] status and thereby justify the jurisdiction of the court." Id. at 164. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163. And next friend standing is not permitted to simply intervene in a state-court proceeding. Id. at 164.

Here, though there is some question of whether Jaffe-Norris is competent to stand trial and Cabana alleges a long-standing friendship with Jaffe-Norris, Jaffe-Norris is represented by counsel in the state court proceedings and Cabana seeks to intervene in those proceedings through this habeas action. Most importantly, Cabana is the alleged victim of the crime for which Jaffe-Norris is charged, and Jaffe-Norris is prohibited from having any contact with Cabana. At least one other court has declined to permit next friend standing when a state court order prohibited contact between the

real party and the person seeking to assert next friend standing. <u>See</u> <u>Mihaylo v. Russell-Jenkins</u>, No. CV 19-08086-PCT-GMS, 2019 WL 11461383, at *2 (D. Ariz. May 7, 2019). Since Jaffe-Norris is not allowed any contact with Cabana, it would be improper for her to bring a habeas action on his behalf. Under those circumstances, she cannot be considered truly dedicated to his best interests.

For the reasons discussed, this court **RECOMMENDS** the motion for leave to proceed IFP, (Doc. 1), be denied and the case be closed.

Dated this 24th day of April, 2026.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**[1]

Cabana may object to this Report and Recommendation by filing with the Clerk of Court no later than **May 8, 2026**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[1] <u>See</u> Fed. R. Civ. P. 73(b); D.N.D. Civ. L.R. 72.1.